No. 35,785

STARKS FOOD MARKETS, INC., *Appellee*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

No. 35,786

SAFEWAY STORES, INC., *Appellee*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

No. 35,787

DIAPER SERVICE COMPANY OF KANSAS CITY, *Appellee*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

No. 35,788

WATTERS CORPORATION, *Appellee*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

No. 35,789

LEO BRUENING AND MARIE ZAHNER, *Appellees*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

No. 35,790

BERNARD ZAHNER, doing business as THE UPTOWN GARAGE, *Appellee*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

No. 35,791

FREEDA COLEMAN, *Appellee*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

No. 35,792

RAYMOND A. BROWN, *Appellee*, v. THE EL DORADO REFINING COMPANY et al., *Appellants*.

(134 P. 2d· 1102)

Opinion filed March 6, 1943.

*H. S. Roberts,* of Kansas City, and *H. C. Osborne,* of Wichita, argued the cause, and *Chas. G. Yankey, J. G. Sears, Jr.,* and *Verne M. Laing,* all of Wichita, *G. M. Cowgill* and *A. C. Popham,* both of Kansas City, Mo., were on the briefs for the appellants.

*James K. Cubbison,* of Kansas City, argued the cause, and *Blake A. Williamson, Lee Vaughan,* both of Kansas City, *Chester L. Smith* and *John W. Hudson,* both of Kansas City, Mo., were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The primary question in the appeals in the above-entitled cases is the sufficiency of the several petitions to state a cause of action based on the doctrine of *res ipsa loquitur.* In an explanatory way it may be said that a certain building at 3513-3515 Broadway street in Kansas City, Mo., was occupied by a public garage known as the Uptown Garage and by other tenants. On March 14, 1939, a gasoline tank in the garage was being filled from a gasoline tank truck and a fire occurred. The owners of the building, various tenants therein, and others claiming injury to property as a result of the fire, commenced actions in Wyandotte county, Kansas, to recover damages.

The only substantial variations in the petitions and amended petitions were with reference to the situation of and the amounts of damages to the several plaintiffs, but insofar as the questions now before us are concerned the pleadings, motions and demurrers, and the rulings of the court, were identical, and the actions have been consolidated on appeal. Only the record in the Stark case is fully abstracted, but reference to it is illustrative of all the cases.

Although complaint is made concerning rulings on motions to quash service, and to make definite and certain, and on demurrers directed to the original petition, in view of our conclusions, we shall confine our attention generally to the amended petition.

The amended petition, after setting forth the status of the plaintiff, alleged that defendant Helling, doing business as Kansas City Motor Fuel Company, hereafter called the Fuel Company, and the defendant The Penn Central Oil Company, hereafter called the Oil Company, occupied an office in the district known as Armourdale in Kansas City, Kan., and that defendant Helling was the general manager and vice-president of defendant The El Dorado Refining Company, hereafter called the Refining Company, and a resident of Butler county, Kansas; that Helling doing business as the Fuel Company was merely and solely the instrumentality and agency of the Refining Company, and that the Oil Company was merely the instrumentality and agency of the Refining Company, and its business and property were owned, operated, controlled, managed and conducted by the Refining Company as a mere department and as a part, parcel, agency and instrumentality of the business of the Refining Company. It was further alleged that on March 14, 1939, a gasoline tank truck containing a large quantity of gasoline, then operated by, for and on behalf of the defendants, was driven by the driver into the Uptown Garage for the purpose of delivering gasoline to the tenant operating the garage, he having previously ordered the delivery thereof, and that while delivery of gasoline from the tank truck was being made by the driver "to one of the portable gasoline tanks of said tenant within such garage and that while said gasoline tank truck was then and there standing within said garage in the rear portion thereof . . . said driver negligently and carelessly caused, allowed, suffered and permitted the ignition of gasoline and a fire in and about said tank truck and portable tank" causing an extensive fire and resulting in damages specifically alleged. It was further alleged:

"That at the time of such delivery of gasoline from said tank truck to such portable tank and at the time of said ignition of said gasoline and accompanying fire there was no other person in said garage except said driver of said tank truck; and that said delivery of gasoline, said tank truck and said gasoline were then and there within and under the exclusive and sole control, care and supervision of defendants . . . and that said ignition and accompanying fire resulted solely from causes then and there existing which were then and there within the exclusive and sole control and knowledge of defendants . . ."

The remaining allegations pertain to matters not of present importance. The above summary covers every allegation of negligence alleged in the amended petition.

We here note that the original petition contained allegations substantially identical with those quoted above, and that the Oil Company filed its motion to have the same made more definite in many particulars, including that plaintiff state what caused the ignition and the accompanying fire, what causes existed that were then and there within the exclusive and sole control and knowledge of defendants, and in what manner the driver of the truck was negligent. This motion was overruled as to the above grounds but was sustained as to other grounds not now material to our discussion. After the amended petition was filed, the Oil Company filed its motion to strike, alleging four grounds which will not be noticed, and a fifth ground that the amended petition did not state facts sufficient to constitute a cause of action. The defendants Refining Company and Helling demurred on several grounds, one being that they were not subject to process in Wyandotte county, and another that the petition did not state facts sufficient to constitute a cause of action. The trial court denied the motion to strike and overruled the demurrers, and the defendants timely perfected their appeals to this court.

Although the specification of errors covers many adverse rulings, it is not necessary that all be discussed. We note appellants' contention that the appellee, having successfully resisted the motion of the Oil Company to make definite and certain, the amended petition is to be strictly construed, and appellee's response that neither Helling nor the Refining Company having filed any such motion, they are not entitled on their demurrers to have the amended petition so construed. We think the Oil Company's motion to strike was equivalent to a demurrer. Without elaborating, it may be said generally that if no cause of action was stated against the Oil Company, then the motion of Helling and the Refining Company to

quash the summons upon them should have been sustained, whether a cause of action was stated against them or not. It is to be observed, however, that insofar as any allegation of negligence is concerned, it is against all defendants generally and it would logically follow that if there was failure to allege a cause of action against one the failure would apply to all. And so we pursue the primary question whether the petition states a cause of action based on the doctrine of *res ipsa loquitur*, it being clear from the briefs submitted that appellee relies solely on that doctrine to support his amended petition.

It is first observed that the doctrine of *res ipsa loquitur*, which means "the thing speaks for itself" is a rule of evidence and not of substantive law. (*Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 650, 249 Pac. 599; *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 76, 58 P. 2d 77; 38 Am. Jur. 994; 45 C. J. 1196.) However, it has been held that cases dealing with the doctrine as a rule of evidence are authority on the question of pleading in such cases (45 C. J. 1082). Such a holding appears to be sound for it would seem that for a petition to be sufficient, it must contain allegations of fact which, if proved, would warrant application of the doctrine. We therefore may consider our own decisions, where sufficiency of proof was under consideration, as well as other authorities.

It is settled law that the mere fact an accident happens or an event occurs in which injury results is not sufficient to establish liability; that negligence is never presumed but must be established by proof; that where direct proof is lacking the circumstances may be proved, and if they are such as to leave no reasonable conclusion to be drawn other than that the defendant be at fault, they may be shown to make a prima facie case, and to warrant application of the doctrine of *res ipsa loquitur*. Of course if the plaintiff proves specific negligence the doctrine does not apply. Nor where it may apply, is the defendant precluded from showing an intervening cause, the act of a third person causing the injury, *vis major*, or other proper defense to relieve himself of liability. See *Mayes v. Kansas City Power & Light Co.*, and *Stroud v. Sinclair Refining Co.*, supra. See also 45 C. J. 1210 and 38 Am. Jr. 997.

The doctrine is based in part on the theory that a defendant in charge of an instrumentality which causes the injury has either knowledge of the cause or the best opportunity of ascertaining it, while a plaintiff is without such knowledge and must rely upon proof

of circumstances in order to establish that the injury would not have occurred except for the defendant's negligence. See 38 Am. Jur. 995, 45 C. J. 1205. And see *Cloud v. Traction Co.*, 103 Kan. 249, Syl. ¶ 3, 173 Pac. 338, 7 A. L. R. 1671, wherein superior knowledge was recognized as an element of the doctrine, but held inapplicable under the facts of that case.

An essential element to be considered in determining whether the doctrine applies, is control of the thing causing the injury. In 38 Am. Jur. 996, it is said:

"It is essential to the application of the doctrine of *res ipsa loquitur* that it appear that the instrumentality which produced the injury complained of was at the time of the injury under the management or control of the defendant or of his agents and servants. When, however, it appears that the victim had exclusive control of the offending thing, no imputation of responsibility will attach to the defendant. It is not only necessary to show that the offending instrumentality was under the management of the defendant, but it must be shown that it proximately caused the injury, or that the injury was caused by some act incident to the control of the instrumentality. The doctrine does not apply where the agency causing the accident was not under the sole and exclusive control of the person sought to be charged with the injury. If it appears that two or more instrumentalities, only one of which was under defendant's control, contributed to or may have contributed to the injury, the doctrine cannot be invoked," etc.

Another statement of similar character may be found in 45 C. J. 1214. Although not fully discussed therein, the rule has been recognized in the following decisions of this court: *Potter v. Rorabaugh*, 83 Kan. 712, 714, 112 Pac. 613; *Mayes v. Kansas City Power & Light Co.*, supra; *Woods v. Kansas City K. V. & W. Rld. Co.*, 134 Kan. 755, 758, 8 P. 2d 404; and *Miller v. Gabbert*, 154 Kan. 260, 265, 118 P. 2d 523.

Our attention is directed to *Carter Oil Co. v. Independent Torpedo Co.*, 107 Okla. 209, 232 Pac. 419, in which a review of some of the authorities was made and in which application of the doctrine was denied. There it appeared the Torpedo Company was employed to shoot an oil well. It furnished the nitroglycerin, the torpedo and the apparatus to lower it in the well and it was in absolute charge thereof. The plaintiff company had prepared and furnished the well into which the torpedo was to be lowered. Without going into detail it may be said a shot was fired short of the depth of the well, allegedly ruining it and the plaintiff owner sought to recover damages from the Torpedo Company, relying upon the doctrine of *res ipsa loquitur*. Plaintiff's claim was denied, it being held that the thing causing the accident must have been under the control of the

defendant at the time of the accident and where several instrumentalities were used in doing the thing out of which the accident arose, some of which were under control of the defendant and others of which were under control of the plaintiff, the doctrine did not apply. Other decisions cited in the briefs have been examined, but they will not be specifically mentioned. In them the rule above mentioned is recognized and application thereof is made or denied, dependent on the facts of the particular case.

It may be observed that in the briefs there is not much controversy about the rule, the question is its applicability to the situation disclosed by the allegations of the petition. The allegations of the petition have been heretofore detailed. Summarized it is charged that defendants' gasoline truck was driven within the Uptown Garage and while gasoline was being delivered to a portable tank the driver negligently caused or permitted the gasoline to ignite; that at the time of the delivery there was no one in the garage except the driver of the gasoline truck, and that the gasoline, gasoline truck and the delivery of the gasoline were in the exclusive and sole control, care and supervision of the defendants. In considering these allegations we do not overlook appellee's contention that the oil company's motion to make definite and certain sought no information as to who was in control of the portable tank. We think the motion sufficiently broad but in any event it is not incumbent upon a party attacking a petition to ask the pleader to set out facts without which no cause of action is stated. However, giving to the allegations of the amended petition a liberal interpretation, it is apparent there is no allegation that the defendants were in charge of or had any control of the portable tank or where it sat inside the garage. The petition is silent about the location of the receiving portable tank, or who determined or controlled it, and about the situation in the garage. We do not know from the petition whether there were gas or electric motors being operated in the garage, whether its doors were open or closed, whether there was any fire to heat the garage, whether it was free from explosive fumes or vapors, or what the situation was except that in making delivery the defendants were in charge of their tank truck and its contents. If on trial the facts alleged were all that were shown, the trier of the fact could only indulge in conjecture as to the cause of the fire. In such case the doctrine of *res ipsa loquitur* should not be applied.

We conclude that the trial court erred in overruling the demurrers of the defendants to the several amended petitions. In view of our

584

conclusion it is not necessary that we consider other matters presented by the specifications of error and discussed in the briefs.

The rulings on the demurrers are reversed.