**BRUENING et al. v. EL DORADO REFIN-
ING CO., and four other cases.**

Nos. 1615–1619.

District Court, W. D. Missouri, W. D.
Dec. 14, 1943.

John W. Hudson and S. L. Trusty, both
of Kansas City, Mo., for plaintiffs.

Yankey, Osborne, Sears & Laing, of
Wichita, Kan., and Cowgill & Popham
and Sam Mandell, all of Kansas City, Mo.,
for defendant.

REEVES, District Judge.

The defendants seek a dismissal of each
of the above amended petitions upon the
two-fold ground, (a), that such petitions
do not state a cause of action, and (b),
that heretofore there was a final adjudi-
cation of the identical question in the
State of Kansas. The question of res ad-
judicata should be noticed first.

1. Very similar petitions by the
same parties wherein identical relief was
sought. were filed in the state courts of
Kansas. On the question of the sufficiency
of the several petitions such cases reached
the Supreme Court of the State of Kansas
where there was a final determination.

156 Kan. 577, 134 P.2d 1102. The Supreme Court ruled that the petitions were so drawn as to invoke the doctrine of res ipsa loquitur, a familiar rule of evidence, but that such rule was inapplicable and that without its application the petitions failed to state a cause of action. The ruling of the Supreme Court was not upon the merits of the cases. It is the law from repeated adjudications that where, on a motion to dismiss or on a demurrer, it appears from all of the facts in the case that the plaintiff or plaintiffs could not state a cause of action or if the averments of the complaints were such as to show conclusively that the plaintiffs were not entitled to recover then there would be such an adjudication upon the merits as to establish a precedent against subsequent actions. Such is not the case here. The plaintiffs would have the right to make new and additional averments and to advance theories different from that passed on by the Supreme Court of Kansas. The question of former adjudications, therefore, must be ruled adversely to the contention of the defendants.

2. An inspection of the amended complaints shows that the several plaintiffs in their complaints here again seek to invoke the doctrine of res ipsa loquitur. In substance, it is charged that the defendant on the 14th of March, 1939, was engaged in transporting and delivering petroleum products, such as gasoline, and that in such operations it used what was referred to in the complaints as gasoline tankers. On said date one of the tankers operated by it, or on its behalf, was driven into the garage portion of buildings located and described as 3513–3515 Broadway, Kansas City, Jackson County, Missouri, and that the purpose was to deliver gasoline into portable tanks owned and operated by a customer, the operator of the garage. Such tanks had a capacity of approximately 60 gallons. According to the complaints the driver of the tanker used a hose to siphon the gasoline from the tanker of the defendant to the portable gasoline tanks of the garage operator. In doing this there are averments in the complaint that the driver or agent was careless in delivering the gasoline and caused quantities to be spilled on the wooden floor of the garage. The alleged negligence in one of the complaints is typical and is as follows: "Plaintiffs further state that on said occasion said defendant, through its said operator, agent and employe, acting as aforesaid, carelessly and negligently caused or allowed gasoline to be spilled, or to get out of said appliances onto said wooden floor on the west end of said concrete washrack and of a quantity to be dangerous if, for any reason, it was caused to ignite or if in handling or in removing said nozzle from said portable tank or dropping it, a spark was caused so as to set said gasoline on the floor or on or about said tanks on fire; or if such gasoline, or fumes from it, went down the walls, studding, or supports of said washrack and became ignited by the fire in said furnace; that said gasoline so spilled or so caused or allowed to get out of said appliances onto the floor was of such a quantity that it would be extremely dangerous and cause a hazardous and consuming fire if ignited from any reason or cause, and of such quantity as to run down between the said washrack and floor and down the walls, studding and posts supporting said washrack."

It is unnecessary to make a further examination of the petition to discover the inapplicability of the res ipsa loquitur doctrine. In the case of McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, loc. cit. 559, 92 A.L.R. 641, the Supreme Court defined res ipsa loquitur and the applicability of the doctrine as follows: "(2) In general and on principle the doctrine res ipsa loquitur does not apply except when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence."

It can hardly be said that the tanker was in any way involved in the occurrence. It had been used to transport the oil into the garage. While there the operator or driver undertook to siphon gasoline from the tanker into portable tanks. The portable tanks were under the control of the garage owners. It is charged that the operator was negligent in spilling gasoline on the floor in making transfer or delivery through a hose. Nowhere did complainants assert that the instrumentalities used were unsafe or defective. According to the complaints it was the carelessness of the operator or driver that caused the spilling of the gasoline on the floor. It should be stated, moreover, that according

to the law .the rule of res ipsa loquitur "cannot be invoked where the existence of negligence is wholly a matter of conjecture and the circumstances are not proved, but must themselves be presumed." 45 C. J. p. 1211, Section 778.

The Supreme Court of Kansas in these cases, entitled Starks Food Markets v. El Dorado Refining Company, 156 Kan. 577, 134 P.2d 1102, ruled on the identical point here involved. The opinion is exhaustive and cites pertinent and applicable authorities to support the reasoning of the court. The only question before that court was whether the res ipsa loquitur doctrine was applicable and the court held that it was not. As heretofore indicated, that opinion is not conclusive upon the right of the plaintiffs to amend their petitions but it may be conclusive and an adjudication on the question as to whether the doctrine of res ipsa loquitur would apply. Whether it was a final adjudication or not the reasoning of the court is sound and its conclusions were in accordance with law.

3. It remains to determine whether the complaints state causes of action independently of the res ipsa loquitur doctrine. After averring that the operator or driver negligently spilled gasoline on the wooden floor, the complaints contain averments that this was dangerous and hazardous if in large enough quantities to "cause a hazardous and consuming fire if ignited from any reason or cause * * *." Moreover, it is averred that it was hazardous and dangerous if the quantity was sufficient to run down to the lower floor where there was a furnace and thus become ignited. The complaints do not charge that the quantities were in fact large enough to produce such hazardous conditions but that (conjecture) it must have been a fact.

The following significant averments appear in the complaints: "* * * and the plaintiffs do not know and cannot now specifically state just how the defendant caused and allowed the said gasoline to so catch on fire or specifically state just how said defendant's agent caused and allowed such dangerous quantities of gasoline to be so spilled or to get out of or from said appliances and onto said floor in such dangerous quantities, because said agent was alone and was in sole charge of said work and said gasoline; * * *."

It probably would have been entirely sufficient if the complainants had said that the operator acting for the defendant spilled quantities of gasoline on the floor and that same, by reason of his negligence, became ignited. This would have been a general averment of negligence and would have been sufficient. However, the· complainants say that while the operator was negligent they do not know wherein nor how he was negligent and are here unable to make averments with regard to specific acts of negligence. These averments are followed by a statement as follows: "* * * and plaintiffs state that if the defendant had exercised due care in the handling and delivery of such gasoline, the same would not have been spilled or allowed to escape, get out of or from said appliances onto said floor in such dangerous quantities and said fire would not have been caused by said gasoline so being caused to catch fire and to burn said building."

This is both speculative and conjectural on the part of the petitioner. Where the rule of res ipsa loquitur is inapplicable it becomes the duty of the pleader to assert in stating a cause of action that the negligence of the defendant occurring through its driver or operator caused the fire and damage. It does not appear that the operator is not available to the plaintiffs for obtaining information under oath as to the cause of the conflagration. There are many causes that may have operated to produce the fire. The portable tanks of the garage owner may have· been defec· tive. The condition of the building with its wooden floors where gasoline and other inflammable materials were constantly kept may have occasioned the fire.

While the complaints would have been invulnerable as against demurrers or motions to dismiss upon general allegations of negligence, yet the complainants have committed themselves to the proposition that they do not know what the specific negligence was but that the operator was negligent or the fire would not have occurred. The complaints commit felo de se.

Counsel for the complainants has asked the privilege of an oral argument before final action upon the motions to dismiss. Such privilege will be granted if counsel insists. However, it seems clear from an exhaustive examination of the authorities that the several petitions are defective in failing to state causes of action and that the motions to dismiss should be sustained.