No. 37,114

J. Z. EMIGH and W. H. LECHTENBERGER, *Appellants*, v. TED ANDREWS, *Appellee.*

(191 P. 2d 901)

Opinion filed April 10, 1948.

*Harry K. Allen,* of Topeka, argued the cause, and *L. M. Ascough,* of Topeka, and *Ray C. Sloan,* of Hoxie, were with him on the briefs for the appellants.

*Phil H. Lewis,* of Topeka, argued the cause, and *T. M. Lillard, O. B. Eidson* and *James W. Porter,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order sustaining a general demurrer to plaintiffs' petition in a damage action.

The action was brought by a landowner and tenant. The pertinent portion of the petition reads:

"2. Plaintiffs state to the Court that at all times hereinafter mentioned, plaintiff W. H. Lechtenberger was the owner of South Half of the Southwest quarter and the West Half of the Southeast quarter of section 8, township 7,

range 29, Sheridan County, Kansas; that during the crop year 1944-45 wheat was planted on the above described premises by plaintiff J. A. Emigh under an oral rental contract, wherein W. H. Lectenberger was to receive one-third of the crop delivered to the elevator at Selden, Kansas, without expense to him, and that J. Z. Emigh was to seed, cultivate, harvest and thresh and deliver said crop at his own expense and receive 'two-thirds of said crop.

"3. Plaintiffs state that on or about the 21st day of July, 1945, the crop of wheat on the above-mentioned land was being harvested by means of a combine harvester-thresher; that the defendant had been employed as an independent contractor by plaintiff J. Z. Emigh to haul said wheat on the defendant's truck away from said combine-harvester-thresher and off of the aforementioned tract of land; that said truck was under the sole and exclusive management and control of defendant through his employees whose names are not known to plaintiffs but are known to defendant.

"4. That on said July 21, 1945, at the hour of about 11:30 o'clock A. M., and while said truck was operated by defendant as aforesaid in hauling wheat, a fire was started in the stubble on the above described land; that said fire started at a point on said land over which said truck had passed, immediately after said truck had passed over said point; that no other persons or vehicles were near the point on said land where said fire started at the time the fire started or during the morning of July 21, 1945, aforesaid; that said fire spread over said tract of land and burned sixty acres of uncut wheat, causing the damage herein complained of.

"5. Plaintiffs state that in the locality of said tract of land the common and usual method of hauling wheat away from combine-harvester-threshers and off of the premises where it is raised, is on trucks; that when said trucks are maintained in a proper condition, and are operated in a careful manner and where the occupants of said vehicles conduct themselves in a careful manner, fires do not result from such operation.

"6. Plaintiffs state that the defendant owed a duty to plaintiffs to maintain said truck in a condition which made it safe to drive it through wheat stubble, and to operate it in a careful manner; that the defendant owed to plaintiffs a duty that his employees would conduct themselves in a careful manner with regard to fire while on said premises.

"7. Plaintiffs state that the defendant through his employees was in the sole and exclusive control of the operation of said truck at the time said fire was started; that these plaintiffs have not been informed and therefore cannot allege the specific act or acts of negligence of defendant or his employees which caused said fire, but that the negligence of defendant or his employees was the proximate cause of the fire and of the damage herein complained of."

The record fails to disclose whether the general demurrer was sustained on the theory the petition was insufficient to state a cause of action on the theory of negligence or on the doctrine of *res ipsa loquitur* or both. Appellee insists appellants in the district court contended only the petition stated a cause of action on the latter doctrine. In view of the record and some statements made by coun-

sel for appellants in oral argument before this court we shall consider whether the petition stated a cause of action on the theory of negligence apart from the doctrine of *res ipsa loquitur*. The petition in part reads:

". . . that these plaintiffs have not been informed and therefore *cannot allege the specific act or acts of negligence of defendant or his employees which caused said fire,* but that the negligence of defendant or his employees was the proximate cause of the fire and of the damage herein complained of." (Our italics.)

In *Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan. 577, 134 P. 2d 1102, we held the petition in that case did not state facts to warrant application of the doctrine of *res ipsa loquitur.* One of the plaintiffs in that action was Leo Bruening. In *Bruening v. El Dorado Refining Co.,* 53 F. Supp. 356, an allegation similar to the above quoted one in the instant case was employed. In disposing of the negligence theory of the case that court said:

"While the complaints would have been invulnerable as against demurrers or motions to dismiss upon general allegations of negligence, yet the complainants have committed themselves to the proposition that they do not know what the specific negligence was but that the operator was negligent or the fire would not have occurred. The complaints commit *felo de se.*" (p. 358.)

The motions to dismiss the petitions were therefore sustained in the above case. For the same reason stated in the Bruening case the instant petition is demurrable on the theory of negligence.

Was the instant petition sufficient to warrant application of the doctrine of *res ipsa loquitur?* While there is conflict in the decisions relative to the application of that doctrine there is no dispute relative to the meaning of the words *res ipsa loquitur.* They simply mean "the thing speaks for itself." And that means the *thing or instrumentality* involved speaks for itself. It clearly does not mean the *accident* speaks for itself. It means that when the initial fact, namely what thing or instrumentality caused the accident has been shown then, and not before, an inference arises that the injury or damage occurred by reason of the negligence of the party who had it under his exclusive control. The inference of negligence arising from the initially established fact compels the defendant, in order to relieve himself of liability, to move forward with his proof to rebut the inference of negligence. It therefore quite properly has been said the doctrine of *res ipsa loquitur* is a rule of evidence and not of substantive law. (*Mayes v. Kansas City Power & Light Co.,*

121 Kan. 648, 650, 249 Pac. 599; *Stroud v. Sinclair Refining Co.,* 144 Kan. 74, 76, 58 P. 2d 77.)

On the proposition that the inference of negligent operation can arise only after the establishment, without presumption, of the initial or fundamental fact that a certain thing, agency or instrumentality caused the injury or damage see 38 Am. Jur., Negligence, § 301; 1 Shearman and Redfield on Negligence, rev. ed., p. 152; *De Glopper v. Railway & Light Co.,* 123 Tenn. 633, 134 S. W. 609, 33 L. R. A., n. s., 913; *Benedick v. Potts,* 88 Md. 52, 40 A. 1067, 41 L. R. A. 478; *L. & N. R. Co. v. Grant,* 223 Ky. 39, 2 S. W. 2d 1063.

The rule is well stated in 45 C. J. 1212, as follows:

"Although the rule of *res ipsa loquitur* applies, in a proper case, so as to present a presumption or inference of negligence, it has no application to proximate cause and does not dispense with the requirement that the act or omission upon which defendant's liability is predicated be established as the proximate cause of the injury complained of. Furthermore, while the doctrine permits an inference that the known act which produced the injury was a negligent act, it does not permit an inference as to what act did produce the injury, and there can be no foundation for the application of the doctrine where the physical act or thing which caused the injury is unknown or not disclosed." (§ 779.)

Likewise in the De Glopper case, *supra,* it was said:

"If the act which caused the injury was shown by direct evidence, and all of the circumstances of the accident were shown in the proof, and if the only reasonable explanation of the accident should give rise to an inference of negligence, then the rule of '*res ipsa loquitur*' would apply; but there can be no foundation for the application of this maxim where both the act which caused the injury and the negligence of defendant in relation to the act must be inferred from the accident itself. You cannot well say that an act is negligent, unless you know what it is." (p. 646.)

The instant petition failed to allege such initial or fundamental fact. Here the truck, under the circumstances alleged, is the instrument which is supposed to speak for itself. Did it cause the damage? The petition does not allege it did. The petition does not allege the truck started the fire. It does not even allege it emitted sparks. Until it is known what thing caused the damage how can it be said "the thing speaks for itself"? This petition instead of alleging the truck started the fire at best alleges facts which raise only a presumption the truck caused the damage. On the mere *presumption* of the initial cause of the fire the further *inference* is sought to be drawn that the truck was defective or improperly op-

erated. Such an inference cannot be drawn from a mere presumption. The established rule is that liability cannot result from an inference upon an inference or from a presumption upon presumption. (*Schmidt v. Twin City State Bank*, 151 Kan. 667, 100 P. 2d 652; 1 Shearman and Redfield on Negligence, rev. ed., § 53, p. 139; *De Glopper v. Railway & Light Co.*, supra.) The inference arises only from established foundation facts. Manifestly the inference cannot supply the foundation facts from which the inference arises.

Apart from statute it appears courts are reluctant in drawing an inference of negligence from the starting of fires for the reason they are frequent occurrences and in many cases result without negligence on the part of anyone. (*Watenpaugh v. L. L. Coryell & Son.*, 135 Neb. 607, 283 N. W. 204; *Liberty Ins. Co. v. Central Vermont R. Co.*, 46 N. Y. S. 576, 19 App. Div. 509; *Highland Golf Club v. Sinclair Refining Co.*, 59 F. Supp. 911.) The last cited case indicates courts are less reluctant to apply the doctrine of *res ipsa loquitur* in explosion cases. The reason for this presumably is that an explosion is more unusual than a fire and generally so much more localized with respect to cause as to be regarded as speaking more clearly for itself. These cases are not essential to a decision in this case and we cite them only for the purpose of indicating some of the dangers which might exist in drawing an inference of negligence prior to the establishment of the cause of the fire. In other words, according to these authorities, it would appear the rule prohibiting recovery by basing an inference on another inference or presumption has peculiar force in the case of fire. This theory was illustrated in the early case of *Kansas Pacific R. Co. v. Butts*, 7 Kan. 308, 317.

It has been held that where the triers of the facts can only indulge in conjecture as to the cause of a fire the doctrine of *res ipsa loquitur* should not be applied. (*Starks Food Markets, Inc., v. El Dorado Refining Co.*, supra, p. 583.) In the present case the petition raises only a presumption as to the cause of the fire. A mere presumption cannot well be said to speak "for itself."

Appellants lean heavily on some of our own cases, citing *A. T. & Santa Fe Rld. Co. v. Stanford*, 12 Kan. 354; *A. T. & Santa Fe Rld. Co. v. Bales*, 16 Kan. 252; *Luengene v. Power Co.*, 86 Kan. 866, 122 Pac. 1032; *Mayes v. Kansas City Power & Light Co.*, supra.

The first two cases are circumstantial evidence and not *res ipsa loquitur* cases. They involved the liability of defendant for allegedly setting fire to plaintiff's property. The theory was defend-

ants had set the fire by negligently permitting coal or sparks to escape from their engines. Plaintiff's evidence showed various other fires had been started similarly by some of defendant's engines. The Stanford case was probably nearer to *res ipsa loquitur* than the Bales case but the Stanford case was not decided on that doctrine. (See p. 370.) From what has been said it must not be inferred from the fact that the doctrine of *res ipsa loquitur* is inapplicable there can never be recovery on the theory of circumstantial evidence if the facts warrant it. (*Waddell v. Woods*, 158 Kan. 469, 472, 148 P. 2d 1016.) For distinction of those theories see 38 Am. Jur., Negligence, § 297, p. 992.

The Luengene case involved an explosion of natural gas. That also was a negligence case. That the damage resulted from a gas explosion was clear. It was held that under those circumstances the injured person who had exercised proper care for his own safety was not bound to show by what precise means the gas was ignited. That it was ignited was evident or there would have been no explosion. The Mayes case is a well known *res ipsa loquitur* case. The evidence clearly showed plaintiff was injured on a public street, without fault of his own, by the falling of a light globe constructed and maintained by the defendant. The cause of the injury was definitely established. Under those circumstances it was properly held an inference of defendant's negligence arose under the doctrine of *res ipsa loquitur*. In that case there was no presumption whatever as to the cause of the injury and the inference of defendant's negligence clearly was not based on a mere presumption as to the cause of injury. The known cause of the injury spoke for itself.

Appellants also rely on *Barnes v. Automobile Co.*, 32 Ohio C. C. 233; *Wallace v. Keystone Auto Co.*, 239 Pa. 110, 86 A. 699; *Byrne v. Boadle*, 2 Hurlstone & Coltman's Reports 722; *Griffin v. Manice*, 166 N. Y. 188, 59 N. E. 925; *Plumb v. Richmond Light & R. R. Co.*, 233 N. Y. 285, 135 N. E. 504, 25 A. L. R. 685; Harper on Torts; § 77; 38 Am. Jur., Negligence, 296. We shall not analyze these cases in detail. Analysis thereof will disclose that in each and all of them there was no question concerning what occasioned the injury. It is true some of the citations contain statements that the *res* includes the attending circumstances. We are not unmindful of that fact. In all the circumstances that may be alleged there is, however, one initial or fundamental fact, the cause of the injury. Until that fact is known how can an inference of defendant's negli-

gence arise therefrom which the defendant is required to rebut. It seems to us that so long as the thing which occasioned the injury is unknown it cannot be said to speak for itself and thereby raise an inference of negligence.

Appellee further argues the demurrer was properly sustained for the reason the fire did not occur on his premises but on the premises of the plaintiffs and that there is no allegation the premises were under the defendant's exclusive control. He contends a match might have been dropped on the premises by someone or that a smoldering cigarette might have been thrown to the ground which started the fire. He offers other illustrations as to how fires might occur on the premises which were not under his control. The truck was alleged to be under his exclusive control. In view of the conclusion we have previously reached we think it unnecessary to pursue this particular contention of appellee.

The order sustaining the demurrer to the petition is affirmed.

SMITH, J. (dissenting): I dissent. As to *res ipsa loquitur*, I prefer the statement in *Sweeney v. Erving*, 228 U. S. 233, quoted in *Jesionowski v. Boston & Maine R. Co.*, 329 U. S. 452, 67 S. Ct. 401, 91 L. Ed. 311. There the supreme court of the United States said:

". . . *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict." (p. 457.)

In my opinion, the question is not whether the statements in the petition fit squarely into some rule but whether the facts stated therein would warrant the jury in returning a verdict in favor of the plaintiff if they had been proved. I do not think there is any doubt but that we would have sustained such a verdict.