**J. D. HALL, Plaintiff,**

v.

**The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, et al., Defendants.**

**Civ. A. No. T–4749.**

United States District Court, D. Kansas.

Aug. 6, 1972.

Kaul J. M. Buhler, New Orleans, La., Fred S. Jackson, Hal C. Davis, Topeka, Kan., for plaintiff.

James L. Donovan, New Orleans, La., W. E. Treadway, Santa Fe Railway Co., John A. Bausch, Topeka, Kan., for defendants.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

This is an action in tort. It is before this Court based upon diversity of citizenship where the amount in controversy is alleged to be greater than $10,000. The action was originally filed in the U.S. District Court for the Eastern District of Louisiana but was removed to this district when defendant Railway Company's motion for change of venue was granted. The motion was granted on the grounds that the accident happened in Kansas and the great majority of the witnesses reside here.

The facts offered by affidavits and by the plaintiff's deposition are undisputed, i.e. they are either undisputed or by plaintiff's own admission not capable of being disputed by him.

It appears that on July 11, 1968 plaintiff was riding in a transport truck driven by one James Finey, and owned by the defendant Lowrance Transport Company. On the above date the transport truck collided with a freight train owned and operated by the Atchison, Topeka and Santa Fe Railway Company, at a crossing on U.S. Highway 75 near Altoona, Kansas. Plaintiff sues both Lowrance Transport Company and the Atchison, Topeka and Santa Fe Railway Company relying on the theory of res ipsa loquitur.

From plaintiff's deposition the following facts are garnered. Plaintiff is a resident of Louisiana. He was not employed by Lowrance at the time of the accident and has never been employed by them. The driver at the time of the accident, James P. Finley, was known to plaintiff for about eight years. He had lived in plaintiff's home off and on during that time. At all times relevant to this action James Finley was employed by Lowrance as a truck driver. A few days before the accident Finley found out that he had a haul to make to South Dakota. He asked plaintiff, who was not working at the time due to an injury suffered in a previous accident, to ride along with him. Plaintiff assented. Plaintiff did no driving, he was not employed by Lowrance, he received no compensation, he was going only to keep Finley company, plaintiff was not to help Finley in any way such as unloading or driving, and plaintiff stated in the deposition that it was a mere pleasure trip. Plaintiff also said in his deposition that Finley had trouble with the brakes on the trailer portion of the truck not more than twenty miles outside of New Orleans, that Finley adjusted something and said that that would fix it until they got back, but Finley also said there was still some air leaking from somewhere but that he could not find where (The brakes were air brakes.). Plaintiff said Finely drove from New Orleans to Kansas, i.e. until the accident, without stopping any long period of time to rest. At about midnight 6 hours and 43 minutes before the accident plaintiff told Finley that he was tired and crawled up into the sleeper behind the seat and went to sleep. He said he was asleep at the time of the accident and did not know how it happened, what speed Finley was going or anything about the accident as he didn't know what happened until he woke up in

the hospital at Fredonia, Kansas. Plaintiff said that to his knowledge no one in authority knew that he was riding along with Finley.

Defendant Lowrance had rules and regulations prohibiting passengers from riding with drivers and all drivers had been instructed to this effect. No officer, manager or anyone in authority gave plaintiff permission to ride along or even knew that he was riding along.

The accident happened at 6:43 A.M. on July 11, 1968. The truck Finley was driving ran into the seventh car of a train at a railroad crossing. The truck was in the ditch along side of the road at the time of impact and there was no evidence either on the pavement in the form of skid marks or in the ditch that the brakes were ever applied. It also appears that the truck left the pavement approxmately 83 feet before the crossing. The evidence shows that the accident happened in daylight; that the weather was clear; that the road was blacktop and the surface of it was dry; that the road was straight; that there was a railroad crossing sign approximately 500 feet before the crossing; that the engineer sounded the locomotive whistle before entering the crossing, i.e. he gave three series of two long blasts and one short blast; the automatic wigwag signal was working at the time of the accident; the train was moving about 30 m.p.h.; and the brakeman on the train watched the truck hit the train without slowing down.

Such are the undisputed facts before the Court. As stated earlier plaintiff is relying exclusively on the theory of res ipsa loquitur to establish that both defendants were negligent, as he has no personal knowledge as to how the accident happened. Lowrance Transport Company has made a motion for summary judgment on the grounds that plaintiff was a trespasser to whom defendant Lowrance owed no duty, that if he was not a trespasser he was a guest and plaintiff would have to prove gross and wanton negligence which he did not plead, and that res ipsa loquitur does not apply under the facts of this case.

Atchison, Topeka and Santa Fe Railway Company have made a motion for summary judgment on the grounds that there is no genuine issue as to a material fact and that they are entitled to judgment as a matter of law.

Taking first defendant Lowrance's motion, for summary judgment, the issue is, is the master liable to a third party passenger on a theory of respondeat superior where the servant asked the third party to ride with him against the express rules and regulations of the master that driver-servants were not to let anyone ride with them, where the third party is subsequently injured in an accident caused by the negligence of the servant?

"The owner of a motor vehicle is not liable, under the doctrine of respondeat superior, from injuries resulting from an employee's negligent operation of the vehicle, to a person invited or permitted to ride therein by the employee contrary to the owner's instructions. The same result has been reached, and the owner employer held not liable, even though the employee had not been expressly instructed not to permit riders in the vehichle, where the employee had no authority, express or implied, to invite others to ride with him." 8 Am.Jur.2d, Automobiles and Highway Traffic, § 644, p. 202.

In Union Gas & Electric Company v. Crouch, 123 Ohio St. 81, 174 N.E. 6, 74 A.L.R. 160, it was held that the owner of an automobile being driven by a servant in the business of the owner, within the scope of the servant's employment, is not liable for damages to a guest of the servant for injuries caused to such guest by the negligence of the servant while riding in the automobile without the knowledge and consent of the owner; it not appearing that such guest is at the time, rendering necessary assistance to the servant within the scope of his employment. The case also held that where the owner of an automobile intrusts the same to a servant in the course of the business of the owner, without authority to carry passengers, a guest of the servant riding in the automobile is neither

an invitee nor a licensee of the owner, but, on the contrary, is a trespasser to whom no duty is owing by the owner, except not to willfully injure him.

In the Restatement (Second) of Agency § 242 (1958), it says:

"A master is not subject to liability for the conduct of a servant towards a person harmed as a result of accepting or soliciting from the servant an invitation, not binding upon the master, to enter or remain upon the masters premises or vehicle, although the conduct which immediately causes the harm is within the scope of the servants employment."

Comment a. to § 242 of the Restatement above says:

"The rule stated in this section is applied most frequently when a servant entrusted with the custody of a vehicle without authority or apparent authority to do so permits or invites persons to ride on it."

In Mayhew v. DeCoursey, 135 Kan. 184, 10 P.2d 10, the court held that where a truck driver without authority from his employer so to do permits one not employed to ride his truck, and the one permitted to ride is injured by the negligence of the driver, the employer of the truck driver is not liable even though the negligence of the driver is wanton. The court also in this case quotes with approval the holding in Union Gas & Electric Company v. Crouch, supra.

In Dye v. Rule, 138 Kan. 808, 28 P.2d 758, the court adopted the holding in *Mayhew*, supra, and quoted with approval Restatement (Second) of Agency § 242 and they held that an employer is not liable for the conduct of his servant towards one harmed as the result of accepting or soliciting from the servant an invitation, not known to or binding on the employer, to enter or remain upon the employer's premises.

 Thus the law of Kansas, which the Federal Courts in this District are required to use in diversity cases, is very clear. One who accepts a ride with a servant who has no express or implied authority to invite passengers or with a servant who is expressly forbidden to carry passengers, as here, is as to the master a trespasser to whom no duty is owed except not to willfully injure him. Plaintiff's own deposition testimony establishes for the most part that he was a mere trespasser. He stated that it was a "pleasure trip," that he had no knowledge whether anyone in authority working for Lowrance knew he was going, and that he was not getting paid or helping Finley in any way. It was established by affidavit that no one in authority employed by Lowrance knew that plaintiff was even on the truck and that their employees were forbidden to let others ride with them.

 Plaintiff argues that he did not know of the defendant Lowrance Transport Company prohibiting passengers from riding with the drivers. This is irrelevant. The doctrine of respondeat superior is predicated upon the master-servant relationship. The vicarious liability of the master is not based upon the knowledge or lack of knowledge of a third party concerning that relationship but upon the relationship itself. Here Finley was acting outside the scope of his employment when he invited plaintiff to ride. The fact that plaintiff did not know that Finley was acting outside the scope of his employment does not have the effect of bringing Finley's act into the scope of his employment. "The mere fact that an employee has possession of his employer's motor vehichle does not give implied or any other kind of authority to invite or permit others to ride with him, since it is not ordinarily in the interest of his employer to give free rides to others and incur the risks incident to doing so." 8 Am.Jur.2d, Automobiles and Highway Traffic, § 644, p. 202. Here Finley was expressly prohibited from letting others ride with him.

Therefore, based upon the foregoing discussion, the Court finds that plaintiff was a trespasser to whom no duty was owed under the circumstances of this

case. Due to this finding it is unnecessary to discuss the other grounds given by defendant Lowrance to support his motion for summary judgment. Defendant Lowrance's motion for summary judgment is granted.

Taking next defendant Atchison, Topeka and Santa Fe Railway Company's motion for summary judgment, it will be remembered that plaintiff also sued upon a theory of res ipsa loquitur and is relying upon it almost exclusively.

"Although the rule of res ipsa loquitur applies in a proper case, so as to present a presumption or inference of negligence, it has no application to proximate cause and does not dispense with the requirement that the act or omission upon which defendant's liability is predicated be established as the proximate cause of the injury complained of. Furthermore, while the doctrine permits an inference that the known act which produced the injury was a negligent act, it does not permit an inference as to what act did produce the injury and there can be no foundation for the application of the doctrine where the physical act or thing which caused the injury is unknown or not disclosed." 45 C.J. 1212, 65a C.J.S. Negligence § 220.11; Emigh v. Andrews, 164 Kan. 732, 191 P.2d 901. Where a railroad train is rightfully on the track, passing over a highway crossing, and one driving an automobile on the highway drives into the side of the train the proximate cause of the injuries which he and those in the automobile with him sustain as a result of the collision of the automobile with the train is the fact that the automobile was driven into the side of the train. Bledsoe v. M.-K.-T. Railroad Co., 149 Kan. 741, 90 P.2d 9.

■ All of the facts point to the conclusion that the train was rightfully on the tracks passing over a highway crossing, and plaintiff admits that he is unable to dispute this. Therefore the inescapable conclusion is that the proximate cause of the accident was the fact that the truck was driven into the side of the train and not any negligence on the part of the Railway.

■ Res ipsa loquitur means the thing speaks for itself. It clearly does not mean the accident speaks for itself. It means that when the initial fact, namely what thing or instrumentality caused the accident, has been shown, then and not until then, an inference arises that the injury or damage occured by reason of the negligence of the party who had it under his exclusive control. Emigh v. Andrews, supra. The general rule is that liability cannot result from an inference upon an inference or from a presumption upon a presumption. Schmidt v. Twin City State Bank, 151 Kan. 667, 100 P.2d 652; 1 Sherman and Redfield on Negligence, rev.ed. § 53, p. 139; De Glopper v. Nashville Railway & Light Co. 123 Tenn. 633, 134 S.W. 609 (Quoted with approval in Emigh v. Andrews, supra.). "The inference arises only from established foundation facts. Manifestly the inference cannot supply the foundation facts from which the inference arises." Emigh v. Andrews, supra.

Plaintiff here pleads only that the accident happened, he names no supposed act or acts of negligence, and he certainly does not prove any foundation facts upon which to base an inference. Indeed the facts show that the proximate cause of the accident was other than the negligence of defendant Atchison, Topeka and Santa Fe Railway Company. Whereas under the doctrine, the facts and circumstances accompanying an injury may be such as to raise a presumption or to permit an inference of negligence on the part of the defendant, 38 Am.Jur. 989, the facts and circumstances here are not such as to raise an inference that defendant Railway was negligent.

Therefore the doctrine of res ipsa loquitur is not applicable in this case for the various reasons discussed above. Since the doctrine is not applicable and since there is no genuine issue as to a material fact, the defendant Railway is

entitled to judgment as a matter of law. Therefore defendant Atchison, Topeka and Santa Fe Railway Company's motion for summary judgment is granted.

Both defendants' motions for summary judgment are granted.

It is so ordered.