No. 36,239

WALLACE P. SIPE, *Appellee*, v. HENRY HELGERSON, doing business as THE WICHITA CATERING COMPANY, *Appellant.*

(153 P. 2d 934)

Opinion filed December 9, 1944.

*Glenn Porter,* of Wichita, argued the cause, and *Getto McDonald, Dwight S. Wallace, William Tinker* and *Arthur W. Skaer,* all of Wichita, were on the briefs for the appellant.

*I. H. Stearns* and *E. P. Villepigue,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question presented in this appeal is whether the facts pleaded in plaintiff's petition are sufficient to warrant application of the doctrine of *res ipsa loquitur.*

Omitting formal parts, and all reference to injuries sustained and damages suffered, it was alleged in the petition that defendant had the exclusive right to sell refreshments and bottled beverages to the public attending baseball games at the Wichita stadium; that plaintiff had charge of a certain baseball team which played a game on the night of August 19, 1943; that after the game was over plaintiff remained until his players were ready to leave; that, as he started to leave the stadium and while he was walking along a travelway west of the grandstand, an empty beverage bottle, which he was unable to describe definitely, was wrongfully knocked from the upper ledge of the grandstand or thrown therefrom so as to fall about thirty feet and strike him on the head, seriously injuring him, and—

"Plaintiff further alleges that at the time said beverage bottle was wrongfully knocked from the upper ledge of the grandstand, or thrown therefrom

in such a manner as to strike him on the head, as herein alleged, all of the flood lights used during said games had been extinguished and there were only small lights in and about the stadium and grandstand. That all of the public who were in attendance at said games on said evening had left the stadium and grandstand and there was no one in said grandstand at said time, other than the defendant, his agents and employees, whose names are to the plaintiff unknown, who were at said time engaged in gathering up empty beverage bottles in and about said stadium and grandstand and were at said time engaged in so doing at the point in said grandstand directly above the plaintiff."

Defendant's demurrer to the petition was overruled and he appeals.

In a preliminary way it may be noted that defendant filed no motions directed to the petition. In such circumstance the plaintiff is entitled to have his petition liberally construed.

It is further noted that appellee makes no contention his petition stated any cause of action except one for application of the doctrine of *res ipsa loquitur*.

In former opinions this court has held that the doctrine of *res ipsa loquitur*, which means "the thing speaks for itself," is a rule of evidence and not of substantive law, but the elements pertaining to the doctrine may be applied in determining the sufficiency of a petition, and that a petition, to be sufficient, must contain allegations which if proved would warrant application of the doctrine. In those opinions it was further held the mere fact an accident happens in which injury results is not sufficient to establish liability; that negligence is never presumed but must be established by proof; that where direct proof is lacking, the circumstances may be proved and if they are such as to leave no reasonable conclusion to be drawn other than that the defendant be at fault, they may be shown to make a prima facie case and to warrant application of the doctrine. In the same opinions it was also held that it is essential to application of the doctrine that it must appear the instrumentality which produced or caused the injury complained of was, at the time of the injury, under the sole and exclusive control and management of the defendant, and if it appears that two or more instrumentalities, only one of which was under defendant's control, contributed to the injury, the doctrine should not be applied. See *Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan. 577, 134 P. 2d 1102, and *Waddell v. Woods,* 158 Kan. 469, 148 P. 2d 1016, and cases cited in each. Appellant and appellee cite no cases other than the two noted, and each quotes portions of the opinions tending to support his contentions.

The principal dispute between appellant and appellee is whether appellant had sole and exclusive control and management of the instrumentality causing the alleged injury. We think it unnecessary to set out in detail the respective arguments made by them. In support of the trial court's ruling appellee contends the instrumentality causing the injury was the bottle alleged to have been thrown or knocked from the upper ledge of the grandstand, and that the grandstand was no part of the instrumentality; that defendant had the exclusive right to sell the bottled beverages and that when the bottle was knocked from the upper ledge of the grandstand or was thrown, no one but appellant and his agents were in the grandstand. Taking up that phase of the matter we think it is implicit in the allegations that the bottled beverages were sold to customers and the bottles left with the customers, who made some disposition of the empty bottles, which were not picked up and recovered by appellant and his employees until sometime later. In the time intervening between sale and recovery, it may hardly be said the appellant was in the sole and exclusive control of the bottles. Nor do we think it may be said the allegations of the petition show the grandstand was no part of the instrumentality. For the bottle to be knocked from the upper ledge of the grandstand, presupposes someone placed the bottle there. That may or may not have been a safe place. No one contends appellant had exclusive control of the grandstand, much less that he or his employees placed the bottle on its ledge.

As we construe this petition it alleges two alternatives. One that someone placed a bottle on the ledge of the grandstand and that it was knocked off, or that someone threw it, and that it struck appellee and injured him. As to the first of these alternatives, there is no allegation warranting any inference that appellant was in sole and exclusive control of the bottle or of the grandstand, rather the contrary inference must be made. As to the throwing of a bottle, there is no allegation appellant or any employee threw it. As to neither allegation is there any claim of actionable negligence. If on trial the above and no more had been shown a jury could only conjecture what caused appellee's injuries. Before a jury could render a verdict for plaintiff on such a showing it would have to assume the mere fact that an accident occurred established the liability of the defendant and to presume negligence which was not established by the proof. The circumstances which would be proved under the allegations would not be such as to leave no reasonable conclusion

to be drawn other than that defendant was at fault and thus to warrant application of the doctrine of *res ipsa loquitur.*

We are of opinion the trial court erred in its ruling on the demurrer. That ruling is reversed and the cause remanded with instructions to sustain the demurrer.