No. 38,668

EFFIE CUMMINS, *Appellee*, v. J. B. DONLEY, *Appellant*.

(249 P. 2d 695)

Opinion filed November 8, 1952.

*Martin S. Hall* argued the cause, and *Max D. Hall*, both of Anthony, and *Robert L. NeSmith* and *Charles D. Anderson*, both of Wichita, were with him on the brief for the appellant.

*Walter F. McGinnis* argued the cause, and *George J. Benson*, both of El Dorado, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an action to recover damages for malpractice. Defendant's demurrer to plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action was overruled and defendant appeals. Plaintiff, for her first cause of action, alleges that defendant is a practicing osteopathic physician; that in May, 1948, she employed defendant in his professional capacity as an osteopathic physician to treat her, and after an examination defendant diagnosed her illness as being caused by a defective, diseased and infected gall bladder and that it would be necessary to remove the gall bladder by surgery; that she was immediately thereafter placed in the Donley Osteopathic Hospital and Clinic at Kingman, Kan., for the purpose of having the operation performed by defendant. Defendant advised her that he would need assistance in performing the operation and suggested she obtain the services of a Doctor Bush for that purpose; that she immediately followed the defendant's suggestion and employed Doctor Bush to assist defendant in removing plaintiff's gall bladder, and on May 7, 1948, she was placed under a general anesthetic in the mentioned hospital under the professional supervision of the defendant and his requested assistant; immediately thereafter the defendant and Doctor Bush performed an operation upon her and she was not conscious in the operating room and did not know the exact procedure followed, but that prior to the operation she was informed that it

was for the purpose of removing the defective, diseased gall bladder; following the operation the defendant advised the plaintiff the operation had been performed but the gall bladder was not found; that they did not remove the gall bladder nor did they examine the same or do anything whatever during the performance of the surgical operation to relieve the diseased and infected condition of the gall bladder; she remained in the mentioned hospital for fourteen days, during which time she was totally and completely disabled and in a serious and dangerous condition. Thereafter she was removed to her home where her condition grew rapidly worse, and defendant did nothing further to relieve her serious condition, although he had knowledge thereof; that her condition became quite critical and on the 5th day of July, 1948, she was removed to St. Francis Hospital at Wichita, Kansas, and there examined by Doctor Pauley. Her condition was again diagnosed by Doctor Pauley as a defective, diseased and infected gall bladder, and on July 8, 1948, Doctor Pauley removed by surgery the ball bladder; that the same had bursted and caused additional infection, and her condition was critical for many days; the later operation disclosed the defective, diseased and infected gall bladder of plaintiff which had not been previously removed. She remained in the Wichita hospital for twenty-two days, then returned to her home at Kingman; that as a result of the actions of the defendant, plaintiff suffered extreme and excruciating pain, loss of sleep, extreme nervousness, an emaciated condition, and her general physical condition has been seriously and detrimentally affected, and by reason of her pain, suffering and permanent injuries has been damaged in the sum of $20,000.

For her third cause of action she alleges that on the day she was placed in the Donley hospital at Kingman, the defendant either in person or by someone under his control, injected or caused to be injected certain substances into the plaintiff's hip, the exact contents or nature of the injection being unknown to her; that the injection caused the hip and leg to become severely infected, and during her stay in the Kingman hospital, defendant lanced the infected leg on several occasions and her leg continued to drain at several different points over a period of many weeks; as a result of the action of the defendant, plaintiff suffered extreme and excruciating pain, shock, loss of sleep, extreme nervousness, loss of weight and her general physical condition has been seriously and detri-

mentally affected, and by virtue of her pain, suffering and permanent injuries, she has been damaged in the sum of $5,000.

Defendant lodged a demurrer to the foregoing petition on the ground that it did not state facts sufficient to constitute any cause of action against him, which demurrer was overruled by the trial court. Defendant brings the case here and asserts the court erred in so holding. It will be noted defendant raised no question as to the sufficiency of the allegations of the petition by a motion to make more definite and certain. Following the well-established rule in this state, in the absence of such motion the allegations of the plaintiff's petition will be liberally construed in her favor. (*State, ex rel., v. Leopold,* 172 Kan. 371, 240 P. 2d 138; *Stuckey v. Schultz,* 173 Kan. 343, 245 P. 2d 1197, and cases therein cited.) Plaintiff contends that in view of the liberal construction to be placed on her petition the court should infer from the facts pleaded that defendant was guilty of negligence in not using ordinary care and skill, and in not using that degree of care and skill usually employed in like cases.

The ordinary rules governing the duties and liabilities of physicians and surgeons are equally applicable to osteopathic physicians, so we find most of the pertinent authority listed under the title "Physicians and Surgeons."

This court has recognized the general rule that a physician or surgeon is presumed to have exercised his legal duty of ordinary care and skill and, in the absence of an allegation in the petition to the contrary, it is presumed that he possesses that reasonable degree of learning and skill ordinarily possessed by members of his profession and of his school of medicine in the community where he practices, or similar communities, and that he carefully and skillfully operated on the patient. No presumption of negligence of a physician or surgeon is to be indulged from the fact of injury or adverse result of his treatment of, or operation on, the patient. (*Waddell v. Woods,* 158 Kan. 469, 474, 148 P. 2d 1016; *James v. Grigsby,* 114 Kan. 627, 631, 632, 220 Pac. 267; 41 Am. Jur. 236, 237, Physicians and Surgeons, § 127; 70 C. J. S. 989, Physicians and Surgeons, § 62.)

In an action for damages occasioned by negligence or malpractice of a physician, every fact necessary to constitute a cause of action must be alleged in the petition with reasonable definiteness and certainty. Where the breach of duty relied upon is negligence

in the treatment of the patient, it is not sufficient merely to state that certain acts not negligent in themselves were done or omitted. A petition which alleges a course of treatment entirely consistent with the physician's exercise of all necessary care and skill, but alleging nonsuccess of the treatment, is insufficient to charge negligence or malpractice. (70 C. J. S. 985, Physicians and Surgeons, § 61; 41 Am. Jur. 234, Physicians and Surgeons, § 124.) The burden of pleading is not shifted to defendant by merely alleging in a petition that an unsuccessful result has attended the treatment or operation of the patient by the physician.

It does not seem to us a sufficient answer to say that the plaintiff need not plead his evidence, for there is a fundamental rule of pleading that while he need not plead his evidence he must plead the ultimate facts upon which he relies, nor is it an answer to say that if defendant wanted more information he should file a motion to make definite and certain. The defendant has no burden to induce the plaintiff to state a cause of action where none has been alleged.

An examination of the plaintiff's petition discloses that in neither cause of action does she allege facts to show the defendant did not use ordinary care and skill in treating plaintiff, nor that he did not use that degree of care and skill usually employed in like cases, and ordinarily possessed by members of his profession and of his school of medicine in the community where he practiced. The plaintiff pleads no facts showing that the diseased and infected gall bladder could or should have been discovered and removed at the time of the operation, or that defendant was negligent in not removing it, or that the injection in her hip was improper or that the condition resulting therefrom was the result of any negligent act on the part of the defendant. The petition as a whole contains no specific or general allegation charging that any act of negligence on the part of the defendant was the proximate cause of the injury and damage complained of.

In view of what has been said, we are of the opinion that the plaintiff's petition does not contain sufficient facts to state a cause of action against the defendant, and that the ruling of the trial court should be reversed and the cause remanded with instructions to sustain the demurrer to both the first and third causes of action set forth in the plaintiff's petition.

It is so ordered.

SMITH, J., dissents.