No. 40,155

RAYMOND LAMB, *Appellee*, v. HARTFORD ACCIDENT & INDEMNITY COMPANY, *Appellant*.

(300 P. 2d 387)

Opinion filed July 20, 1956.

*Tudor W. Hampton*, of Great Bend, argued the cause and *S. R. Blackburn* and *Jerry M. Ward*, both of Great Bend, were with him on the briefs for appellant.

*Richard Barrett*, of Pratt, argued the cause, and *George Barrett*, of Pratt, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order overruling defendant's demurrer to plaintiff's petition. In the case below, W. H. Hammond, doing business as Hammond Ice Cream Company, was made a party defendant. He died prior to the trial court's ruling and revivor proceedings have not been had. Defendant Hartford Accident & Indemnity Company is sole appellant.

The allegations of the petition may be summarized and quoted, as follows: That the Hartford Accident.& Indemnity Company is a foreign corporation and has made application to and received permission from proper authorities of the State of Kansas to write insurance and transact business in Kansas; that W. H. Hammond transacted business under the name of Hammond Ice Cream Company; that he made application to and received from the State Corporation Commission a certificate of convenience and necessity to operate his trucks as common carriers of dairy products upon the public highways and streets; that in order to obtain a certificate of convenience and necessity W. H. Hammond was required to file with the Motor Carrier Division of the Corporation Commission of the State of Kansas, a public liability insurance policy to protect the interests of the public from injuries sustained by all persons who might suffer bodily injury or death by reason of the negligent operation of the Hammond Ice Cream Company's trucks; that on April 9, 1953, Hartford Accident & Indemnity Company issued to W. H. Hammond, doing business as Hammond Ice Cream Company, and presented to and filed with the Corporation Commission of Kansas, its insurance policy No. AI-70275 by reason of which W. H. Hammond, doing business as Hammond Ice Cream Company was issued by the Corporation Commission a certificate of convenience and necessity or permit No. 33-205.

The petition further alleged that plaintiff was employed by the Furrey General Tire Company, of Great Bend, to repair tires as directed by his employer throughout the Great Bend trade area; that on February 25, 1954, plaintiff was sent by his employer to repair a truck tire at the Hammond Ice Cream Company at Seventh and Kansas Avenue in Great Bend; that plaintiff arrived at the Hammond Ice Cream Company plant around 6·p. m. and parked his repair truck facing north on the east side of Kansas Avenue (a north and south street) approximately a yard or two yards in front of the front bumper of the Hammond truck; that the Hammond truck was a 2-or 2½-ton International truck, which was parked facing west with the rear end of the truck against the loading dock of the Hammond Ice Cream Company and on an incline running from the front of the loading dock down to Kansas Avenue. It was further alleged:

"W. H. Hammond informed Raymond Lamb that the left rear inside dual on the Hammond truck, in front of which Raymond Lamb parked his repair

truck, was the one for him to repair. Raymond Lamb then removed from the repair truck, blocks with which he blocked the two front wheels and the right rear wheel of the Hammond truck. He then took from his repair truck a 10 ton jack and jacked up the left rear wheel of the Hammond truck. After repairing the inside tire of this wheel, Raymond Lamb removed the jack and carried it to the front of the truck. At this moment, defendant, W. H. Hammond, appeared and requested that he jack up the left front wheel of this Hammond truck and check the tread and see if there was any play in the wheel. Together Hammond and Raymond Lamb checked this left front wheel. Finding the wheel all right, Hammond went back into his Company building. Raymond Lamb removed the jack and placed it on the ground in front of the Hammond truck and at the side of the repair truck. Raymond Lamb then removed the blocks from in front of the wheels of the Hammond truck and carried them to and placed them in his repair truck. He then picked up the jack which he had placed on the ground and started to place it in his repair truck, with his back to the Hammond truck. At this exact moment the Hammond truck rolled forward from its parked position and into and against Raymond Lamb, pinning and crushing him against his repair truck. There he was forced to remain until his screams brought the defendant, W. H. Hammond, and his employees, and one of them backed the Hammond truck off of him.

"Plaintiff, Raymond Lamb, further alleges that at all times herein stated the Hammond truck was owned and operated under the authority and direction of W. H. Hammond d/b/a Hammond Ice Cream Company. That Raymond Lamb does not know whether W. H. Hammond or one of his employees parked the truck as above set forth, but if an employee, he was acting as the agent, servant and employee of the defendant, W. H. Hammond, d/b/a Hammond Ice Cream Company, and within the scope and authority of that employment. That the negligence of said unknown employee was likewise the negligence of W. H. Hammond, d/b/a Hammond Ice Cream Company. Raymond Lamb further alleges that at all times herein stated, prior to the accident, that the motor of the Hammond truck was not running. That Ramond Lamb did not open the doors of the cab of the Hammond truck nor enter the cab or at any time in any way touch or move any of the levers or mechanical parts of the Hammond truck that controlled the brakes or motor of the truck."

The petition further alleged that at the time plaintiff was injured the Hammond truck was being used in the service of W. H. Hammond, doing business as Hammond Ice Cream Company, and was operated under and by authority of the certificate of convenience and necessity issued to Hammond; that by the terms of the insurance policy filed with the Corporation Commission, the Hartford Accident & Indemnity Company agreed to pay for injuries to persons caused by the negligent operation of the trucks owned by W. H. Hammond, doing business as Hammond Ice Cream Company, and that plaintiff was permanently injured by the careless-

ness and negligence of W. H. Hammond, his agents, employees or servants "in failing to properly park said truck so that it would not break loose and injure Raymond Lamb," and that plaintiff did not know and it was not within his knowledge "whether said accident was caused by improper or defective equipment on the truck of said defendant company or the improper, negligent and careless operating and parking of said truck by W. H. Hammond or his employees, but that the same is within the knowledge of the defendant company." The prayer was that he recover $37,729.05.

The defendant moved to require plaintiff to elect whether he would proceed on the allegations alleging specific acts of negligence on the part of W. H. Hammond or whether he would proceed on the allegations of the petition based on *res ipsa loquitur*. Pursuant to this motion, plaintiff announced that he was proceeding solely upon the theory of *res ipsa loquitur*. Thereafter defendant demurred on the grounds that the petition failed to state facts sufficient to constitute a cause of action and for the further reason that the petition failed to state facts sufficient to constitute a cause of action upon the theory of *res ipsa loquitur*. On October 7, 1955, the demurrer was overruled and Hartford Accident & Indemnity Company has appealed.

As preliminary, we note that defendant filed no motion directed to the petition. Under such circumstances the plaintiff is entitled to have the petition liberally construed. (*Stuckey v. Shultz*, 173 Kan. 343, 245 P. 2d 1197; *Rule v. Mitchell*, 173 Kan. 803, 252 P. 2d 924; *Cummins v. Donley*, 173 Kan. 463, 249 P. 2d 695; *Sheen v. State Highway Commission*, 173 Kan. 491, 249 P. 2d 934.) We also take note of the rule that where a general demurrer is filed to a petition the allegations are admitted as true and all reasonable inferences favorable to the pleader that may be taken from the facts pleaded, are likewise true. (*Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590; *Snyder v. McDowell*, 166 Kan. 624, 203 P. 2d 225; *Dalton v. Hill*, 169 Kan. 388, 219 P. 2d 710; *Hidalgo v. Kansas Milling Co.*, 176 Kan. 221, 269 P. 2d 1029; *Marsh v. Atchison, T. & S. F. Rly. Co.*, 176 Kan. 430, 271 P. 2d 247.)

We have no difficulty with the doctrine of *res ipsa loquitur*. It is this: When a thing which causes injury without fault of the injured person is shown to be under the management and control of the defendant or his servants, and the injury is such as in the ordinary course of things does not occur if the one having such

management or control uses proper care, it asserts reasonable evidence in the absence of an explanation, the injury arose from the defendant's want of care. (*Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 650, 249 Pac. 599; *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 76, 58 P. 2d 77; *Starks Food Markets, Inc. v. El Dorado Refining Co.*, 156 Kan. 577, 582, 134 P. 2d 1102; *Waddell v. Woods*, 158 Kan. 469, 148 P. 2d 1016; *Sipe v. Helgerson*, 159 Kan. 290, 291, 153 P. 2d 934; *Waterbury v. Riss & Company*, 169 Kan. 271, 288, 219 P. 2d 673; *Nichols v. Nold*, 174 Kan. 613, 621, 258 P. 2d 317; *Waddle v. Brodbeck*, 176 Kan. 583, 272 P. 2d 1066; Shain, Res Ipsa Loquitur, p. 1.)

The doctrine of *res ipsa loquitur*, which means "the thing speaks for itself," is a rule of evidence and is not of substantive law. Cases dealing with the doctrine as a rule of evidence are authority on the question of pleading, and for a petition to be sufficient as against a demurrer, it must contain allegations of fact, which, if proved, would authorize application of the doctrine. (*Mayes v. Kansas City Power & Light Co.*, supra; *Stroud v. Sinclair Refining Co.*, supra; *Starks Food Markets, Inc., v. El Dorado Refining Co.*, supra; *Sipe v. Helgerson*, supra; 65 C. J. S. Negligence, § 220 [3], p. 993.)

The difficulty courts often encounter is the application of the doctrine to the situation disclosed by the facts and circumstances alleged in the petition or by the evidence adduced in the event of trial. It is settled in Kansas that the fact an injury occurs is not sufficient to establish liability; that negligence is never presumed but must be established by proof; that in cases where the doctrine is applicable and direct proof is lacking, proof is made, if at all, by circumstantial evidence: that is, proof of injury and of the circumstances surrounding its occurrence are such as to leave no reasonable conclusion to be drawn other than that the injury occurred because of defendant's want of care. (*Mayes v. Kansas City Power & Light Co.*, supra; *Starks Food Markets, Inc. v. El Dorado Refining Co.*, supra; *Sipe v. Helgerson*, supra; *Waddell v. Woods*, supra; *Nichols v. Nold*, supra; *Waddle v. Brodbeck*, supra; 38 Am. Jur. Negligence, § 300, p. 996; 65 C. J. S., Negligence, § 220 [8], p. 1014.) The doctrine is based in part on the consideration that where the management and control of the thing which produced the injury is vested in the defendant, it is within his power to produce evidence of the actual cause that produced the injury,

which the plaintiff is unable to present. It is not the injury that permits application of the doctrine, but the manner and circumstances of the injury that justifies its application and the inference of negligence. The application of the doctrine presents principally the question of the sufficiency of circumstantial evidence, here, a reasonable conclusion, to establish or to justify the injury in inferring, the existence of the principal fact in issue, the defendant's negligence. The attending circumstances must warrant a reasonable conclusion that something other than defendant's negligence caused the injury to make the doctrine inapplicable. (*Truhlicka v. Beech Aircraft Corp.*, 162 Kan. 535, 178 P. 2d 252.)

Appellant first contends that the doctrine of *res ipsa loquitur* is inapplicable to the facts and circumstances alleged because Hammond or his employees were not in "control" of the truck at the time it rolled down the incline and injured plaintiff. In making this contention it is necessarily assumed: (1) That under our decisions, the management and control of the instrumentality is required to be in the defendant at the time the injury occurs, and (2) that the allegations of the petition do not charge Hammond with negligence preceding the injury. The contention is erroneous.

This court has consistently held that where it is alleged or a jury determines the defendant has "control" of the instrumentality and guilty of a negligent act or omission prior to the injury, the doctrine may be properly applied although control may have subsequently passed from the defendant. In *Nichols v. Nold*, supra, Mr. Chief Justice Harvey said:

"Counsel for the appellants Nold and Elsey argue that the doctrine of *res ipsa loquitur* cannot apply to them because they were not in 'control' of the bottle of Pepsi-Cola at the time it exploded, and cite cases holding that one of the essentials of the doctrine is that defendant be in the exclusive control at the time of the accident. Those statements were made in cases in which the circumstances disclosed that the negligence, if any, must have occurred at the time of the accident. *The real test is whether defendants were in control at the time of the negligent act or omission which either at that time or later produced the accident.* The fact that plaintiff did not know which one of the defendants was guilty of the negligence which was the cause of the accident, or when or where it took place, was the reason for naming all of them as parties defendant." (Emphasis supplied.) (l. c. 620.)

In *Morrison v. Kansas City Coca-Cola Bottling Co.*, 175 Kan. 212, 263 P. 2d 217, the same contention was made as appellant makes here. In the opinion it was said:

"The Starks Food Markets and the Waddell cases were cited in support. In none of the above cases was there any contention that the defendant was guilty of an act of negligence that preceded the injuries received by the several plaintiffs." (1. c. 215.)

See, also, *Bradley v. Conway Springs Bottling Co.,* 154 Kan. 282, 118 P. 2d 601, in which the case of *Benkendorfer v. Garrett* (Tex. Civ. App.), 143 S. W. 2d 1020, was cited and quoted with approval as follows:

" 'The application of the *res ipsa loquitur* doctrine is not limited to cases where the injurious agency is in the control of the defendant at the time of the injury, but it is sufficient if it appears that such agency was in defendant's control at the time of the negligent act which caused the injury.' " (1. c. 287.)

The negligent act or omission the petition charged Hammond or his employees with was "in failing to properly park said truck so that it would not break loose" and injure plaintiff and that it was not within his knowledge whether the injury was caused by "defective equipment on the truck" or the "negligent and careless . . . parking of said truck" but that the same was within the knowledge of defendant. When plaintiff arrived at Hammond's plant the truck had been parked at the dock by Hammond or his employees and its motor was stopped. It was, the petition alleged, negligently parked on an incline so that it would break loose and injure plaintiff and did so without fault on his part. The demurrer admits these allegations. They are sufficient under our decisions, to warrant the application of the doctrine of *res ipsa loquitur* with respect to the management and control of the truck being vested in Hammond or his employees at the time the negligent act occurred.

It is contended that upon arrival at the Hammond plant plaintiff assumed control of the truck; that defendant did not have exclusive control of it since plaintiff had some immediate control over the repair of its tire; that the jacking up of its wheels was a probable causative factor of his injury, and that unless all probable causative factors are under the control of the defendant, *res ipsa loquitur* cannot be applied even though the nonexclusive control factors are clearly shown to have no causal connection with the injury. We do not agree. To thus apply the doctrine of *res ipsa loquitur* would prevent juries from drawing an inference of negligence from unusual accidents in situations where the injured person had participated in the operation, even though it be established that his

particular activity did not cause or contribute to the injury. Such an application would unduly restrict the prerogative of juries to decide questions of fact. This court has never interpreted the doctrine, under circumstances where it is applicable, so that a jury's power to draw inferences from attendant circumstances cannot be done under proper instructions of the trial court. Such an interpretation would unduly narrow the doctrine as this court has applied it. In *Sweeney v. Erving*, 228 U. S. 233, 240, 57 L. Ed. 815, 819, 33 S. Ct. 416, 418, it was said:

". . . *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

Appellant asserts that under the allegations of the petition two instrumentalities were involved in plaintiff's injury: that is, the Hammond truck and the repair truck, and since both of them were under his control at the time of the injury the doctrine of *res ipsa loquitur* may not be applied. The repair truck was used by plaintiff to transport him from his employer's place of business to Hammond's dock and to carry the necessary tools and equipment to repair tires. Plaintiff was making preparations to leave the Hammond premises in the repair truck and would have gone back to his employer's place of business or to his home had not the Hammond truck rolled forward and pinned him against the side of the repair truck. The injury would not have occurred had the Hammond truck remained stationary at the dock. The repair truck was not an instrumentality of the injury; it was a means by which plaintiff carried himself and his tools to perform his duties. (*Truhlicka v. Beech Aircraft Corp.*, supra.)

One of the essential elements to the application of the doctrine of *res ipsa loquitur* is that the injury is caused without fault of the injured party. This is so inherent and fundamental that citation of authority is unnecessary. Do the allegations of the petition free plaintiff from a reasonable conclusion of fault? To restate the question, do the attending circumstances warrant a reasonable con-

clusion that something other than defendant's alleged negligence caused the injury? We think they do not. Hammond owned and operated the truck and it was under his authority and direction; it was parked with its motor stopped at his loading dock on his premises and he designated which tires plaintiff was to repair and check. The plaintiff did not move the truck from its parked position or in any manner affect the operation of its brakes or mechanical parts. Although he may have exercised some temporary control of the truck during the tire-repair operation, the general control and direction of it was in Hammond. When plaintiff's work was completed the temporary control he may have exercised terminated. No allegations of the petition reasonably infer that the plaintiff negligently jacked up the truck or negligently repaired or checked the tires. They are to the contrary: that he blocked the wheels so that the truck would remain stationary. When his work was completed and the blocks removed, the truck did not roll forward but remained in its parked position.

It is not usual for a heavy truck thus parked to unexpectedly roll forward. This is an extraordinary and not a common event. Conceivably, it might have been possible when the plaintiff jacked up the truck its position was changed sufficiently to cause it to roll forward, but, possibility is not proof. The grade of the incline demanded caution. In the common experience of mankind, the injury would not have occurred without some negligence on the part of Hammond or his employees who parked the truck, in failing to set the brakes sufficiently tight or to discover and remedy defects in its braking system, if any, or in some other particular to take precaution essential to its security and permanence in position. The unexplained forward movement of the truck from its parked position permits no reasonable conclusion other than that Hammond or his employees were negligent (1) in failing to properly park the truck so it would not roll forward down the incline and injure the plaintiff or (2) that some defect existed in the braking system and in Hammond's failure to discover and correct the same. It is reasonable to conclude that what happened was the natural result of leaving a heavy truck parked on an incline without setting its brakes sufficiently tight to insure its stability or in failing to discover defects in its braking system. The fact remains, had the brakes on the truck been in proper functional order and securely set the truck would have remained where it was parked. It is beyond

the ability of plaintiff to ascertain and establish which of these conditions, or perhaps both of them, caused the truck to roll forward. In the ordinary course of events, an injury does not happen if those in control use proper care, and a reasonable conclusion can be reached in the absence of any explanation that the plaintiff was injured from the want of the exercise of ordinary care on the part of Hammond or his employees. We are of the opinion that the injury and the circumstances surrounding its occurrence are such as to entitle the plaintiff to the benefit of the doctrine establishing a prima facie case.

In answer to the petition defendant may plead and prove, if the facts warrant, that there was another cause of the injury not under its control. In *Starks Food Markets, Inc., v. El Dorado Refining Co.,* supra, it was said:

". . . Of course if the plaintiff proves specific negligence the doctrine does not apply. Nor where it may apply, is the defendant precluded from showing an intervening cause, the act of a third person causing the injury, *vis major,* or other proper defense to relieve himself of liability. See *Mayes v. Kansas City Power & Light Co.,* and *Stroud v. Sinclair Refining Co.,* supra. See also 45 C. J. 1210 and 38 Am. Jur. 997." (l. c. 581.)

Hammond would then have the burden to establish that he or his employees did not negligently operate and park the truck in such a manner that it would roll forward and injure the plaintiff, and that its braking system was efficiently and properly functioning. Whether Hammond's explanation of due care satisfactorily excuses him from the charge of negligence placed upon him by the doctrine of *res ipsa loquitur* can be determined by a jury in considering all the facts and circumstances surrounding it, under proper instructions of the trial court.

Appellant lastly contends that the petition fails to allege facts sufficient to constitute a cause of action against it. The contention is based upon the following assumption: That the liability insurance policy required by G. S. 1949, 66-1,128 to be filed by Hammond with the State Corporation Commission as a condition to the issuance of a permit to operate his trucks as a common carrier of dairy products, does not cover the negligent operation of the truck unless it is being operated upon the public streets and highways; that the petition alleged the truck was parked at the dock on the private property of the Hammond Ice Cream Company; that the statute makes the policy a liability policy and permits an insurance company to be joined as a party defendant only when it is alleged and proved the

negligent act occurred while the vehicle was being operated under and pursuant to its certificate of convenience and necessity; that the truck was not so operated since it was parked on private property and the policy is, therefore, an indemnity policy only and appellant is improperly joined as a party defendant. The contention is erroneous. Appellant fails to read the petition correctly. It alleges that at all times therein stated the Hammond truck was owned and operated under the authority and direction of W. H. Hammond, doing business as Hammond Ice Cream Company. It further alleges that:

". . . W. H. Hammond had made an application to and received from the Corporation Commission of the State of Kansas a certificate of convenience and necessity and a legal permit by the terms of which he was permitted to, and did use the public highways and streets of the State of Kansas, as a common carrier of dairy products.

.     .     .     .     .     .     .     .     .     .     .     .     .     .     .

"On or about the 9th day of April, 1953, the defendant, Hartford Accident & Indemnity Company, issued to W. H. Hammond d/b/a Hammond Ice Cream Company, and presented to and filed with the Corporation Commission of Kansas its insurance policy No. AI-70275. By reason of this insurance policy thus filed for W. H. Hammond d/b/a Hammond Ice Cream Company, there was issued by the Corporation Commission to the defendant, W. H. Hammond, a certificate of convenience and necessity or Permit No. 33-205."

This court previously considered a contention similar to that advanced by appellant, and rejected it. In *Fitzgerald v. Thompson,* 167 Kan. 87, 204 P. 2d 756, it was said:

"If the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy it states a cause of action against the insurer. This is the basis for the holdings of the court that one who sustains injury in his person or property by the negligent operation under the permit of the permit holder may sue both the permit holder and the insurer, or either one of them, and the action is in tort, not in contract." (l. c. 91.)

See, also, *Billups v. American Surety Co.,* 170 Kan. 666, 228 P 2d 731, in which the Fitzgerald case, *supra,* was quoted with approval and reaffirmed.

Plaintiff's cause of action is one in tort against Hammond and the appellant. It is alleged he received injury to his person by the negligent operation of the truck under the permit of the permit holder, W. H. Hammond, doing business as Hammond Ice Cream Company. Under our decisions the petition states a cause of action against the appellant.

The authorities cited by appellant have been reviewed but they are not in point. They deal with actions where a truck is being

operated for pleasure or other activity wholly foreign to the operation for which the certificate of convenience and necessity was issued.

A detailed and exhaustive review of the record has been made. The trial court did not err in overruling the demurrer for either of the reasons advanced by the appellant. The judgment is affirmed.

THIELE, PARKER and PRICE, JJ., dissenting.