No. 43,180

Blue Stem Feed Yards, Inc., *Appellant,* v. Charles Craft, *Defendant,* and Runnels W. Cox, Also Known as R. W. Cox and John T. Cox, Partners, Doing Business in the Name of Tom J. Cox and Sons, Contractors, *Appellees.*

(383 P. 2d 540)

Opinion filed July 10, 1963.

*George Stallwitz,* of Wichita, and *Russ B. Anderson,* of Emporia, argued the cause, and *Owen S. Samuel,* of Emporia, was with them on the brief for the appellant.

*Samuel Mellinger,* of Emporia, argued the cause, and *John G. Atherton,* of Emporia, was with him on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: Plaintiff corporation was the owner of three large sheep-feeding barns which were destroyed by fire. It brought this action to recover its loss. The petition was framed upon the doctrine of *res ipsa loquitur.*

Defendant Craft answered, and is not involved in this appeal.

Defendants Cox demurred to the petition on the ground it failed to contain allegations sufficient to constitute a cause of action.

The demurrer was sustained.

Plaintiff has appealed.

The sole question presented is whether—as to defendant Cox—the petition alleges a cause of action based upon the doctrine of *res ipsa loquitur.*

Because of the nature of the question, no attempt will be made to summarize the lengthy and detailed allegations of the petition —and, omitting formal parts—it reads:

"Comes now the Plaintiff and for its cause of action against the Defendants and each of them, states and alleges as follows:

I.

"That the Plaintiff is a corporation organized and existing under the laws of the State of Kansas with its principal place of business in Emporia, Kansas. That the Defendant, Charles Craft, is a resident of Sedgwick County, Kansas, with his regular post office address being 3425 South Hanley, Wichita, Kansas. That the Defendants Runnels W. Cox, also known as R. W. Cox, and John T. Cox are both residents of Lyon County, Kansas.

"That the Defendants Runnel W. Cox, also known as R. W. Cox, and John T. Cox were at all times herein, material partners doing business under the name and style Tom J. Cox and Son, Contractors, and will be referred to herein as 'The Defendants Cox.'

II.

"That on the 6th day of January, 1960, and prior thereto, the Plaintiff was, and is now, the owner of approximately 34 acres of land situated in the south half of the northeast quarter of Section 17, Township 19, Range 11 East in Lyon County, Kansas. That upon said land, on and prior to the 6th day of January, 1960, there were situated three large sheep feeding barns, each being approximately 162 feet in width and 672 feet in length and all being of similar construction, that being of wood frame construction with the interior being subdivided into sheep feeding pens, separated by board fences, and each of said barns having a center concrete driveway running the full length thereof, and all of said barns being in good usable conditions and substantial structures. That said barns on said date each had a utility or replacement value in excess of $125,000.00.

III.

"That on the 6th day of January, 1960, the Defendants Cox were construction contractors and under oral contract with the Plaintiff, had contracted to do certain repair and construction work on the premises of the Plaintiff, and were in fact, on said day engaged through their own efforts and through agents, employees and servants, in the performance of the work that the Defendants Cox had contracted to do for the Plaintiff. That said contract between the Plaintiff and Defendants Cox was verbal and provided in substance that said Defendants Cox were to construct certain improvements upon the Plaintiff's property in accordance with plans and specifications orally stipulated and agreed to by the Defendants Cox and the agents and officers of the Plaintiff corporation. That the plans and specifications for the construction and repair work consisted of oral directions and stipulations and of duplication of structures and emplacements and repairs previously built, done and performed by the Defendants Cox. That under said oral contract, the Defendants Cox were to produce a specified result without supervision or further direction on the part of the Plaintiff. That said verbal contract between the Plaintiff and the Defendants Cox further provided that the Defendants Cox were to provide all materials and labor at their own expense, keep all labor and material records, pay all taxes, deduct all withholding taxes and social security from wages, pay all insurance incident to the construction work and were to be paid a fee based

on a percentage of labor and materials furnished for the construction and repair work.

IV.

"That on the 6th day of January, 1960, the Defendant, Charles Craft, was engaged in the performance of a verbal contract, entered into with the Plaintiff, under the terms of which contract, said Defendant, Charles Craft, was to shear sheep and lambs which were located in the barns of the Plaintiff above described. That at said time and place, the Defendant, Charles Craft, himself, and through employees, servants and agents whose names are not known to the Plaintiff, was engaged in the shearing of sheep and lambs in one of the three barns above described and was directing the shearing operations. That the Defendant, Charles Craft, was present in person and had assisting him, four employees and servants whose names are not known to the Plaintiff, in the performance of his contract with the Plaintiff for the shearing of said sheep and lambs. That the verbal contract between the Defendant, Charles Craft, and the Plaintiff provided in substance, that the said Charles Craft was to be paid a specified sum of money per head for sheep shorn by him and his employees and that the Plaintiff was to provide, and did provide a place, which place to be devoted exclusively to the use and control of said Craft and his employees while shearing operations were being conducted by the Defendant, Charles Craft.

V.

"That January 6, 1960, was a cold day, the temperature being approximately 13 degrees F on the morning of said day, and the area within the barn which was being used by Charles Craft and his employees and which had been turned over to said Defendant for conducting the sheep shearing operations, was uncomfortably cold. That the employees and servants of the Defendant, Charles Craft, complained of suffering from the extremely cold weather. That the Defendant, John T. Cox, while performing duties on the premises of the Plaintiff in the vicinity of the area devoted to sheep shearing operations, on behalf of the partnership known as Tom J. Cox and Sons, was informed by one or more of the employees of the Defendant, Charles Craft, whose names are unknown to the Plaintiff, that they were suffering from the cold. That the Defendants Cox were the owners of, and had in their possession at said time and place, a small coal oil stove known as a 'Salamander,' said stove or Salamander at said time and place, being equipped with a fuel tank and fuel and burner or other facilities ready for use, and that at said time and place, the Defendant, John T. Cox, offered to set up and light said stove in the area where the sheep shearing operations were being conducted to supply heat for the Defendant, Charles Craft, and his employees, and that said offer by the Defendant Cox was accepted by the Defendant Craft, whereby or as a result of which offer and acceptance, said stove or Salamander was furnished, delivered and set up by the said Cox in the area where said sheep were being shorn, for the convenience and comfort of the men who were to do the shearing of said sheep as aforesaid. That the Defendants Cox, through their agent, John T. Cox, did on the morning of January 6, 1960, transport said Salamander stove to the area of the barn devoted to the sheep

shearing operations and where the Defendant, Charles Craft, and his employees were engaged in the shearing of said sheep. The said Defendants Cox, acting through John T. Cox, placed said stove in the area designated and set aside exclusively for the shearing of sheep and in which area sheep were then being shorn, and the said John Cox and Charles Craft, themselves or through their agents, servants and employees, set up and installed said stove or Salamander at a place and in a manner in accordance with their decision and to their satisfaction. That the said John Cox lighted said Salamander stove and regulated the same to supply heat for the Defendant Charles Craft, and his employees who were then and there shearing sheep under the contract which the said Charles Craft had with the Plaintiff. That the Plaintiff does now know and therefore cannot allege with certainty, the exact location at which said Salamander stove was placed or the manner in which it was installed and lighted, said facts, however, being peculiarly within the knowledge of the Defendants, Craft and John T. Cox. That the Plaintiff does not know and therefore cannot state with certainty, but does state on information and belief, that after each sheep was sheared, that the Defendant, Charles Craft, and his employees and servants, released the sheep and permitted them to go where they had access to the area where said Salamander stove was located. That the Defendants Cox through their partner and agent, John T. Cox, knew or should have known by observation of the method by which the Defendant Charles Craft, and his employees and servants were operating and knew or should have known that said sheep had access to the area where said Salamander stove was located.

### VI.

"That said Salamander stove, after being lighted as aforesaid, continued to burn and remained ablaze and lighted on its interior to the satisfaction of the said Craft and his employees and the said Cox, for some considerable time, the extent of time and the amount of heat so generated by said stove, being to the Plaintiff, unknown, such facts being peculiarly within the knowledge of the Defendants. That thereafter the exact time being unknown to the Plaintiff, something happened to said stove or Salamander, the details of which are unknown to the Plaintiff, but which are known to the Defendants, by reason of which happening, the fire from said stove or Salamander, escaped from said stove and flames enveloped said stove and the area around, in and about said stove and spread to the entire area about and surrounding said stove or Salamander where said stove had been placed by the said Defendants, the facts relating thereto, being unknown to the Plaintiff, but peculiarly within the knowledge of the said Defendants. That said fire spread rapidly and consumed and destroyed the three large sheep feeding barns of the Plaintiff above described, and consumed and destroyed 212 head of cattle and approximately 200 head of sheep situated in said barns, and that said barns and livestock were completely burned and totally destroyed as a result of said fire. That according to the information and belief of the Plaintiff, there was no other fire, electrical wiring, or any other material or agencies other than said Salamander stove that could have ignited the building or initiated a fire in the area where said fire commenced.

VII.

"That at the time the Defendant John Cox placed said stove in the area where said sheep were being sheared and at all times thereafter, until the fire and flames escaped from said stove and enveloped the area surrounding said stove and the vicinity thereof, and until said barn or barns were ignited, the Defendants, or one or more of them, had sole and exclusive possession, management and control of said Salamander stove and of the area within said barn where sheep were being shorn by the Defendants, or one or more of them, and had complete control, management and possession, of all machinery, equipment, gates, fences, livestock and other instruments used and useful within said area, including said Salamander stove and that said Defendants, or one or more of them, had sole, exclusive and complete control of the placement and installation of said stove in the area, the lighting and the operation thereof, and the sheep shearing operations and all other work and operations being conducted within said area.

VIII.

"That from examination of the debris, the burned area and the residue resulting from said fire, it was and is impossible to determine the location of said Salamander stove, what happened to said stove to cause the flame to escape therefrom or the cause of the flames and the fire which escaped from said stove, or the exact location or cause of said fire or flames to emanate from or escape from said Salamander stove other than that the same was in the immediate vicinity where said stove had, according to the information and belief of the Plaintiff, been placed by the Defendants.

IX.

"That said Salamander stove, prior to January 6, 1960, had been used by the Defendants Cox at numerous and diverse times and places and had been used for heating purposes by the Defendants Cox and had been operated by the Defendants Cox many times prior to January 6, 1960, without misadventure, loss or damage, and that said stove would not have ignited or burned the property of the Plaintiff above described, had it been placed, lighted and used by the Defendants, or one or more of them, with ordinary care and prudence. That the Defendant, Charles Craft, was an experienced sheep shearer and had shorn many thousands of sheep prior to January 1960, indoors and at numerous and diverse times and places without damage to property in which said shearing operations had been conducted, and that the shearing of sheep and operations incidental thereto, were not and are not in themselves inherently dangerous operations if conducted with ordinary care and prudence. That by reason of his experience, the Defendant, Charles Craft, knew or should have known of the habits and manners of sheep and lambs, and knew or should have known of the danger and the probable destructive forces of the equipment, facilities and agencies existing and present in the area where he was shearing sheep, including the Salamander stove, the sheep themselves and the wood structures.

X.

"That the fire which destroyed the barns owned by the Plaintiff, as aforesaid, started because of the flame or flames escaping from said Salamander

stove, the cause or reason thereof, being unknown to the Plaintiff. That the blaze, flames and fire which escaped from said Salamander stove as aforesaid, would not have thus escaped in the absence of negligence on the part of the Defendants, or one or more of them. That the Plaintiff does not know and does not attempt to allege or describe specific negilgent acts of commission or omission on the part of the Defendants, or one or more of them, which resulted in the escape of flames and fire from said stove as aforesaid, and which were the proximate cause of the resulting fire which destroyed the Plaintiff's barns, but the Plaintiff states that the escape of said fire from said stove was an occurrence which would not have taken place except for some negligent acts of commission or omission on the part of the Defendants, or one or more of them while in complete and exclusive possession, control and management of the area and the facilities above described. Plaintiff further alleges that notwithstanding the fact that such specific acts of negligence are not within the knowledge of the Plaintiff, that such acts and omissions are peculiarly with the knowledge of the Defendants.

### XI.

"That neither the Plaintiff nor its agents, officers or employees were negligent nor in any way at fault and committed no act or acts of negligence which contributed to the starting or the spreading of the fire above described or the resulting damage to the Plaintiff's property.

### XII.

"That the value of each of the three barns described herein, immediately prior to January 6, 1960, was $125,000.00, or a sum total of $375,000.00, and that the value thereof following the fire herein described, was nil, and that the total damage suffered by the Plaintiff as a result of the burning and destruction of said three barns, was the sum of $375,000.00, all of which damage was the proximate result of the negligence, joint and several of the Defendants and for which amount, the Plaintiff is entitled to judgment against the Defendants and each of them.

"WHEREFORE, the Plaintiff prays for judgment against the Defendants and each of them in the amount of $375,000.00 and for the costs and disbursements of this action."

As stated, the question is whether the foregoing petition states a cause of action against defendants Cox upon the doctrine of *res ipsa loquitur*.

Although it may be conceded there appears to be some inconsistency in the many decisions of this court in the application of the doctrine to the many factual situations presented—the definition of the phrase is so well established as to leave no doubt of its meaning.

Literally speaking, the phrase means "the thing speaks for itself." It is a rule of evidence, rather than of substantive law, and does not alter the universal rule that negligence is never presumed but must be proved. Ordinarily the doctrine has application only to that limited class of negligence cases where the instrumentality or thing

causing the injury or damage is under the exclusive control of the defendant at the time of the injury or damage, and the surrounding circumstances are such as to leave no reasonable conclusion to be drawn therefrom other than that the casualty in question happened because of the negligence of defendant. The inference of negligence is deducible, not from the mere happening of the event, but from the attendant circumstances, and, such circumstances being shown, but the actual facts of just what happened being without the knowledge of plaintiff, it then devolves upon defendant to offer evidence by way of explanation. In some instances the doctrine has been applied although exclusive control of the thing or instrumentality was not in defendant at the time of the happening of the event, the test in such cases being whether defendant was in control at the time of the negligent act or omission, which, either at that time or later, produced the injury or damage. (*Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599; *Sipe v. Helgerson*, 159 Kan. 290, 153 P. 2d 934; *Emigh v. Andrews*, 164 Kan. 732, 191 P. 2d 901; *Nichols v. Nold*, 174 Kan. 613, 258 P. 2d 317, 38 A. L. R. 2d 887; *Lamb v. Hartford Accident & Indemnity Co.*, 180 Kan. 157, 300 P. 2d 387; *Worden v. Union Gas System*, 182 Kan. 686, 324 P. 2d 501; *Wehkamp v. City of Garden City*, 187 Kan. 310, 356 P. 2d 826.) See also 65 C. J. S., Negligence, § 220 (2), p. 987, and 38 Am. Jur., Negligence, § 295, p. 989.

By way of summary, it may be said that inherent in the doctrine of *res ipsa loquitur* are three essential elements: (1) The thing or instrumentality causing the damage or injury must be within the exclusive control of the defendant; (2) the happening must be of such kind or nature as ordinarily does not occur in the absence of negligence, and (3) the happening must not have been due to the fault or contributory negligence of the one seeking redress.

Measuring the allegations of this petition against those requirements for invocation of the doctrine, we are of the opinion they are sufficient to state a cause of action as to defendants Cox. All contentions made by such defendants in support of their position have been examined and considered, but we nevertheless believe the petition is sufficient to withstand the demurrer. What the proof may show is of course another thing, but we are dealing here only with the allegations of the petition. The order sustaining the demurrer of defendants Cox is therefore reversed.

JACKSON, J., concurs in the result.